PER CURIAM.
**246 The plaintiff, A Better Way Wholesale Autos, Inc., holds licenses from the Department of Motor Vehicles to deal in motor vehicles at two locations, but sought no such license for a third location at which it displays several hundred vehicles that may be purchased at one of the licensed locations. The defendant, the Commissioner of Motor Vehicles, determined that the plaintiff had violated General Statutes §§ 14-52 and 14-54,[1] respectively, by failing to obtain a license for that location *1158 and by failing to obtain a certificate of approval from local authorities for that location and to verify such approval with the defendant. The defendant imposed civil penalties in the amount of $5000 and ordered the plaintiff to cease such activity at that location unless and until it obtained the requisite license and certificate. In the plaintiff's administrative appeal, the trial court affirmed the defendant's decision with respect to the finding of a violation of the certificate **247 requirement under § 14-54, but sustained the plaintiff's appeal with respect to the defendant's finding of a violation of the license requirement under § 14-52. The plaintiff appealed from the trial court's judgment. The defendant did not cross appeal. The Appellate Court reversed the trial court's judgment with respect to its finding of a violation of § 14-54 and remanded the case to that court with direction to sustain the plaintiff's appeal. A Better Way Wholesale Autos, Inc. v. Commissioner of Motor Vehicles , 167 Conn. App. 207, 219, 142 A.3d 1209 (2016).
Thereafter, we granted the defendant's request for certification to appeal, limited to the following questions: "Did the Appellate Court correctly conclude that a car dealer's license is not conditioned upon local approval for each proposed location pursuant to ... [ § 14-54 ]?"; and "Did the Appellate Court correctly conclude that there was a lack of substantial evidence in the record to support the Department of Motor Vehicles hearing officer's finding that the plaintiff violated [ § 14-54 ]?"[2] A Better Way Wholesale Autos, Inc. v. Commissioner of Motor Vehicles , 323 Conn. 925, 150 A.3d 229 (2016).
After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.
The appeal is dismissed.

We note that § 14-54 has been amended by the legislature since the events underlying the present case; see Public Acts 2016, No. 16-55, § 4; that amendment has no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

We note that the first certified question imprecisely characterizes the Appellate Court's decision, as we construe that court to have concluded that § 14-54 does not prescribe a licensing requirement for each location, as that matter is addressed in other provisions. See A Better Way Wholesale Autos, Inc. v. Commissioner of Motor Vehicles , supra, 167 Conn. App. at 218-19 and n.8.